IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

FILED
RICHARD W. NAGEL
CLERK OF COURT
2024 APR 29 PM 2:28
U.S. DISTRICT COURT
SOUTHERN DIST OHIO
EAST DIV COLUMBUS

Alexander Q Amicucci
1370 Great Hunter Ct
Grove City, OH 43123
(PLAINTIFF)

V

Franklin County Board of Elections
1700 Morse Rd
Columbus, OH 43229
(DEFENDANT)

Case Number: 2:24 CV 2032

JUDGE WATSON

**COMPLAINT**

MAGISTRATE JUDGE DEAVERS

1. Parties to the action:
   a. Plaintiff:
   i. Alexander Q Amicucci
   ii. 1370 Great Hunter Court
   iii. Grove City, Ohio 43123
   iv. 614-946-4990
   b. Defendant:
   i. Franklin County Board of Elections
   ii. 1700 Morse Road
   iii. Columbus, Ohio 43229

2. Jurisdiction lies with the district court, per 28 U.S.C. 1343(a)(3), to try this case because the Board discriminated against me by denying my constitutionally protected right to run for office of US Representative from Ohio.

3. Statement of Claim:
   a. The excessive signature requirements of 3513.257(C) are unconstitutional and a poor indicator of worthiness, so I collected just 25 signatures. This is as many signatures as is required of a minor party candidate and an independent candidate from a district with 5000 or less electors for the most recent gubernatorial election. I turned my petition in before 4:00 PM on March 18, 2024.
   b. I attended the Board of Elections meeting on April 1, 2024. I filled out the form to speak at the meeting so I could make my case for inclusion to the Board. My name wasn't announced on the list of

approved speakers and my petition was denied due to a lack of signatures. My petition ended up having 10 invalid signatures and it was denied for a lack of signatures. I was not given the chance to correct the issue since it was clear I wasn't going to collect the 2691 signatures required. This is 54 times the amount a major party candidate is required to collect. One's ability to collect signatures from strangers is not a morally valid reason to deny a potential candidate for the House of Representatives from ballot access, given that our entire moral standing in this country is "We the People."

4. Relief:

a. The Board failed in their duty by denying my right to run for the office of US Representative from Ohio, by denying me the right to make my case to them, and by discriminating against me by accepting the petition and certifying the Primary results of a constitutionally ineligible incumbent, per Article 5, Section 8 of the Ohio Constitution, while enforcing unconstitutional signature requirements. Even a 3 judge panel ordered the state from enforcing portions of 3513.257 that deprive a person from guaranteed rights. (318 F. Supp. 1262(S,D. Ohio 1970)).

b. To demonstrate the inherent bias towards incumbents and the two party system in general, it's important to note that, including Representative Beatty, there are 7 incumbents for the office of US Representative from Ohio running that are currently constitutionally ineligible. Senator Sherrod Brown is also ineligible. The relief I seek is inclusion on the ballot of the November 5, 2024 General Election as an Independent candidate.

I state under penalty of perjury that the foregoing is true and correct.
Executed on this 29 day of April, 2024

Signature of Plaintiff